IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02843-PAB

EDWIN F. MENENDEZ OLIVEROS,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on Petitioner Edwin F. Menendez Oliveros's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 4].

The Court must construe the Application liberally because petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Guatemala who entered the United States on May 14, 2005. Docket No. 1 at 1-2. He initiated this action on June 24, 2026, and paid the filing fee. Docket No. 1. He is currently an immigration detainee at a detention

[1] The following facts are taken from the Application. Docket No. 4. Respondent has not disputed any facts and does not provide any facts of his own. *See generally* Docket No. 11.

center in Aurora, Colorado. After the Court issued an order to cure deficiencies, Docket No. 3, petitioner filed a cured Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Application), Docket No. 4, on July 9, 2026, which is the operative pleading in this action.

Petitioner alleges that he has been continuously detained by Immigration and Customs Enforcement (ICE) since May 14, 2026. Docket No. 4 at 2.[2] He alleges that

> While detained in Florida, I requested a custody redetermination (bond) hearing before the Immigration Court. Before the Immigration Judge could decide my request, ICE transferred me from the Broward Transitional Center in Florida to the Aurora Contract Detention facility in Colorado. On June 3, 2026, the Immigration Judge entered an order stating that no action was taken on my custody redetermination request because I was no longer detained in Florida after the transfer. As a result, I never received an individualized bond hearing or custody determination.

*Id.* at 4. He alleges that the Department of Homeland Security has "filed a Notice to Appear and removal proceedings are now active. Nevertheless, petitioner remains detained without any meaningful custody review." *Id*. at 2. He claims that his detention without a custody determination violates his Fifth Amendment due process rights. *Id.* As relief, he requests that the court order an individualized bond hearing or, alternatively, order his release from custody under reasonable conditions of supervision. *Id.* at 4. Liberally construing the Application, petitioner alleges that his continued detention violates the Immigration and Nationality Act ("INA") and his due process rights.

---

[2] Petitioner's statement that he has been subject to "approximately eight months of detention," *id.*, is unclear.

Respondent was ordered to show cause why the Application should not be granted. Docket No. 7. Respondent filed a response on July 17, 2026. Docket No. 11. In his response, respondent states:

> Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief. Respondent submits that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

*Id.* at 1-2.

## II. ANALYSIS

According to the facts presented by petitioner, "removal proceedings are now active," Docket No. 4 at 2; thus, it appears that no order of removal has been issued. *See also id.* at 4 ("I am not challenging a final order of removal."). Respondent does not contest that no order of removal has been issued. Docket No. 11.

The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in either 8 U.S.C. §§ 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 mandates detention pending removal proceedings, provided that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 25-cv-

03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025). Section 1226, on the other hand, does not mandate detention, provided that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

This Court has analyzed on numerous occasions whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings due to their entrance without inspection. *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 (D. Colo. Feb. 4, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). In each of these cases, the Court determined that the petitioner's detention was governed by § 1226. *Id.*

Similarly, the Tenth Circuit Court of Appeals has recently issued a decision holding that "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border." *Santillan Quiroz v. Mullin,* --- F.4th ---, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was

being detained pursuant to § 1226(a) and was entitled to a bond hearing. *Id.* at *17 n.13. Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id*.

Thus, the Court concludes that petitioner's detention, like that of the petitioner in *Santillan Quiroz*, properly falls under § 1226(a). Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). Thus, the Court will grant the application in part and order respondent to provide petitioner a bond hearing within seven days of the date of this order or else release him. While petitioner requests that the Court order his immediate release under reasonable conditions of supervision, the Tenth Circuit instructs that the correct remedy is to order the respondent to provide a prompt bond hearing.

Further, because the Court is granting petitioner relief based on § 1226(a), it will not consider his due process claim at this time.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 4] is **GRANTED in part**. It is further

**ORDERED** that respondent shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order or else release him. It is further

**ORDERED** that within **five days** of petitioner's bond hearing or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released.

DATED July 22, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge